## CLARK v. JACOB DOLL & SONS.

### SAME v. BEHRING PIANO CO.

(District Court, S. D. New York. January 6, 1913.)

**PATENTS (§ 328\*) — VALIDITY AND INFRINGEMENT — ADJUSTING DEVICE FOR AUTOMATIC MUSICAL INSTRUMENTS.**

The Clark patent, No. 625,744, for an adjusting device for automatic musical instruments, claims 1, 5, 6, and 7 are too broad and void for anticipation; claims 2, 3, and 4, which cover a combination of flexible tubes constituting the ducts leading from the tracker bar to the pneumatic device with an adjusting device by which the tracker bar is moved laterally at the will of the operator, were not anticipated, and disclose invention; also *held* infringed.

In Equity. Suit by Melville Clark against Jacob Doll & Sons, and same against the Behring Piano Company. On final hearing. Decrees for complainant.

Chas. S. Burton, of Chicago, Ill., for complainant.
Jas. H. Griffin, of New York City, for defendants.

HOLT, District Judge. These are two suits in equity to restrain the infringement of patent No. 625,744, issued to the complainant for an adjusting device for automatic musical instruments, such as pianos and organs. The two suits have been tried together. The device relates to that class of automatic playing musical instruments by which the notes are sounded by a strip of paper, having perforations, passed over what is called a tracker bar, having a set of ducts leading to a pneumatic device, which, in the case of a piano, for instance, operates a hammer which strikes the desired note. The patented device consists of an arrangement by which, by a screw attachment, the tracker bar can be moved at will to the right or left horizontally so as to come into correct alignment with the perforations in the music sheet. The complainant claims that prior to his device the music sheet would frequently become warped or affected by the changes in the atmosphere or other causes, so that in playing the perforations in the sheet, when revolved over the tracker bar, would not come with perfect accuracy over the ducts in the bar, with the result that an imperfect sound was created. By the complainant's device, the player, when the automatic piano or organ is being operated, can by a turn of the screw move the tracker bar to the right or to the left so as to bring it in correct alignment with the perforations in the music sheet, and the complainant claims that this device overcame a very serious defect in musical instruments of that class, and has come into very general use. The device can also be employed for the purpose of changing the key in which the music is played.

The defendant put in evidence a large number of prior patents which show many devices for shifting the frame containing the paper roll so as to bring the perforations in the paper into correct alignment with the ducts in the tracker bar, and also some patents for devices for moving the tracker bar so as to effect the same result. The com-

plainant's device can be operated by a turn of the screw at any moment while the music is playing, whenever the operator sees, as the perforated paper is moving, that a slight adjustment is desirable. Most of the devices shown in the prior art are not movable at will at the choice of the operator, but are arrangements for the convenience of the maker or repairer for repairing or putting in order such an instrument, or permitting a change after one tune is played and before another is begun, so as to permit two or more distinct tunes to be provided by the perforations on one sheet. The defendant asserts that the substitution of a lateral movement of the tracker bar for the lateral movement of the frame carrying the perforated paper constitutes no invention, on the ground that, if two objects are so situated that one is required to be moved to come into correct relations with another, it is immaterial which is moved, and that a patent providing for the movement of one is anticipated by a previous patent which provides for the movement of the other.

This general proposition usually furnishes a correct rule; but I think that in this case there are obvious advantages in procuring the correct alignment by the movement of the tracker bar, instead of by the movement of the frame carrying the perforated paper, sufficient to make a device for accomplishing the correct adjustment by moving the tracker bar an invention, if there is any inherent difficulty in doing it. Originally the set of ducts leading from the tracker bar to the pneumatic device usually consisted of perforations in wood or some immovable material, so that the tracker bar could not be moved laterally, and the only portion of the mechanism which could be moved laterally was the frame carrying the perforated paper. About the time of the complainant's patent the idea was suggested of using rubber or flexible tubes connecting the ducts in the tracker bar with the pneumatic device. Such flexible tubes were suggested for use in the British patent to Smith, but that patent contained no claim for the correct adjustability of the perforated sheet to the tracker bar, and related to entirely distinct matters. Defendant also claims that the patent to Kelly shows the use of a flexible tube, but I cannot see in that patent anything to show that the tube was flexible, except that in the drawing it appears to be curved. The complainant's patent seems to be the first patent in which the idea of the use of a movable tracker bar in conjunction with flexible tubes leading from the ducts in the tracker bar to the pneumatic device is used. The fact that almost all the previous attempts to effect the adjustment were by means of shifting the frame carrying the perforated sheet shows that until the idea of using the flexible tubes was suggested any scheme of moving the tracker bar was impracticable; but I think that the complainant's device of uniting the use of flexible tubes and a tracker bar moving laterally at will was novel and constituted invention. Undoubtedly the use of flexible tubes was suggested in the Smith patent, and the idea of adjusting the holes in the perforated paper in correct alignment with the ducts in the tracker tube by a lateral movement of one or the other was old, but in my opinion the combination of the two ideas of using the flexible tubes and then adjusting the tracker bar by a lateral move-

202 F.—61

ment at will was novel. The result is that in my opinion some of the claims of the patent are too broad and are anticipated, and that only those claims which claim the use of the flexible tubes in connection with a lateral movement of the tracker bar are valid. These are claims 2, 3, and 4. Claims 1, 5, 6, and 7, I think, are anticipated by other patents. I have no doubt that each of the defendant's devices in the suits at bar infringed. They are substantially the same as the complainant's device.

My conclusion is that there should be a decree in each case that the defendant has infringed claims 2, 3, and 4, and enjoining further infringement of those claims.